## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Action No.: _____

| | |
|---|---|
| ASHLEY HARRIS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| TRAVEL RESORTS OF AMERICA, INC., | ) ) ) |
| Defendant. | ) ) ) |

CLASS ACTION

(JURY TRIAL DEMANDED)

## CLASS ACTION COMPLAINT

1.      Plaintiff Ashley Harris, individually and on behalf of the proposed class defined herein, brings this class action lawsuit against Defendant TRAVEL RESORTS OF AMERICA, INC. ("Travel Resorts" or "Defendant") to redress Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), a federal law that was designed to curtail abusive telemarketing practices precisely like those described herein.

2.      In order to promote its "membership-based camping service," Defendant Travel Resorts placed unsolicited prerecorded calls to Plaintiff's and the putative class members' cellular telephones in violation of the TCPA.

3.      Plaintiff alleges as follows upon personal knowledge as to herself and her own experiences and, as to all other matters, upon information and belief including due investigation conducted by her attorneys.

## JURISDICTION AND VENUE

4.      The Court has federal question subject matter jurisdiction over this class action lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA.

5.      The Court has personal jurisdiction over Defendant because it engaged in a nationwide telemarketing campaign through which it directed numerous TCPA-violative calls

(which form the basis of Plaintiff's claims) into this District, including many such transmissions to Plaintiff while she resided and was present in this District (as well as to numerous other members of the proposed class). Thus, the exercise of personal jurisdiction by this Court is appropriate.

6. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events alleged herein occurred within this District and because Defendant is subject to personal jurisdiction in this District. Specifically, Plaintiff received the calls that form the basis of her claims within this District.

## PARTIES

7. Plaintiff Ashley Harris is an individual who, at all relevant times, resided in Fort Pierce, Florida.

8. Defendant Travel Resorts of America, Inc. is a corporation organized and incorporated under the laws of Delaware. Defendant maintains, and at all times mentioned herein maintained, its corporate headquarters in Southern Pines, North Carolina. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. According to its website, Travel Resorts owns and maintains seven RV resorts across the Eastern United States. Defendant markets and sells memberships to consumers so that they can access those resorts.

## TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.

11. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that

might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recov. Sol., LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

13. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. at §§ 12-13; *see also Mims*, 132 S. Ct. at 744.

14. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recov. Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

15. The TCPA makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

16. 47 C.F.R. § 64.1200(a)(2) additionally states, with respect to advertisement and telemarketing calls—of which Defendant's calls to Plaintiff unquestionably are—that "[n]o person or entity may . . . [i]nitiate or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party . . . ."

17. 47 C.F.R. § 64.1200(f)(8) defines "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

18. To state a claim for a violation of the TCPA, a plaintiff must only show that he or she received a call made using an ATDS or featuring a prerecorded voice; consent is an affirmative defense to liability under the TCPA. *See, e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (finding defendant "did not show a single instance where express consent was given before the call was placed.")

19. The TCPA provides for damages in the amount of $500 for each violation and $1,500 for each knowing or willful violation. *See* 47 U.S.C. § 227(b)(3).

**FACTUAL ALLEGATIONS**

20. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(772) 626-XXXX.

21. Between January 29, 2020 and March 26, 2020, Defendant placed at least twenty (20) unsolicited calls and voicemails to Plaintiff's cellular telephone number from the telephone number (772) 224-3093.

22. True and correct copies of the aforementioned calls and voicemails placed by Defendant are reproduced below:

4









6

23. These unsolicited calls each featured a prerecorded voice; the voicemails left on Plaintiff's phone state that the caller originated from Defendant's "Gift Department" and urges Plaintiff to call back in order to claim her "gift" from Defendant.

24. The phone number from which the calls and voicemails were placed (772-224-3093) redirects to an automated message from Travel Resorts, thanking the caller for calling regarding Defendant's current camping specials.

25. The caller is then placed on hold to speak with a representative about Defendant's membership-based services.

26. The voicemail recordings Defendant sent to Plaintiff consisted of a pre-recorded voice reciting the same impersonal text, and--upon information and belief--were identical to calls and voicemails Defendant sent to other consumers.

27. Defendant did not have Plaintiff's prior express consent to place such prerecorded voice calls to her cellular telephones.

28. Receipt of Defendant's unauthorized calls and voicemails drained Plaintiff's phone batteries and caused Plaintiff additional electricity expenses and wear and tear on her phone and battery.

29. Defendant did not place the subject artificial or prerecorded voice calls for an emergency purpose.

## STANDING

30. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is fairly traceable to the Defendant and (c) can be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

**The "Injury In Fact" Prong**

31. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to

satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

32. For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. *Soppet v. Enhanced Recov. Co.*, LLC, 679 F.3d 637, 638 (7th Cir. 2012).

33. In this case, Defendant placed or caused to be placed unsolicited telemarketing calls using an artificial or prerecorded voice. Such calls and the resultant voicemails are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

34. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543. In this case, Defendant invaded Plaintiff's privacy and peace by placing or causing to be placed numerous unsolicited calls featuring a prerecorded or artificial voice. Furthermore, Plaintiff lost the use of her phone while the unsolicited calls happened, not to mention wasted time listening to the unsolicited voicemails.

35. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

**The "Traceable to the Conduct of Defendant" Prong**

36. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant.

37. The subject phone calls are directly and explicitly linked to Defendant. The prerecorded or artificial voice calls announce or promote the commercial availability of Defendants' membership-based travel group. Therefore, Plaintiff has alleged facts that show that their injuries are traceable to the conduct of Defendant.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

38. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

39. In the present case, Plaintiff's Prayers for Relief include a request for damages for each unsolicited phone call placed by Defendant using an artificial or prerecorded voice, as

authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

40. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as representatives of the following class:

> All persons throughout the United States (1) to whom Defendant delivered, or caused to be delivered, a phone call (2) using an artificial or prerecorded voice, (3) directed to a number assigned to a cellular telephone service, (4) within four years preceding the date of this complaint through the date of class certification, and for whom (5) Defendant lacks any record of the person's provision of prior "express written consent" to receive such calls.

42. Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

43. Plaintiff reserves the right to redefine the class and to add subclasses as appropriate based on discovery and specific theories of liability.

44. The members of the class are ascertainable because the class is defined by reference to objective criteria. In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

45. <u>Numerosity</u>: Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

46. The exact number of the members of the class is unknown to Plaintiff at this time, and can (and will) be determined through appropriate discovery. However, given that, on

information and belief, Defendant placed hundreds, if not thousands, of calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

47. <u>Commonality</u>: There are common questions of law and fact as to all members of the Class, including but not limited to the following:

    a. What is Defendant's conduct, pattern, and practice as it pertains to making or initiating artificial or prerecorded voice calls containing advertising or telemarketing;

    b. Whether Defendant made or initiated artificial or prerecorded voice calls to the Class;

    c. Whether such calls contained advertising or telemarketing within the meaning of the TCPA;

    d. Whether Defendant obtained prior "express written consent" from the Class prior to making or initiating such calls, assuming such an affirmative defense is raised;

    e. Whether Defendant's conduct violated the TCPA;

    f. Whether Defendant should be enjoined from engaging in such conduct in the future; and

    g. The availability of statutory penalties.

48. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant. Plaintiff's claims are based on the same theories, as are the claims of the members of the class.

49. <u>Typicality</u>: Plaintiff's claims are typical of those of the class members in that the resolution of her claim will establish a right to recovery in each of the respective class members.

50. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the

interests of the members of the class. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class. Plaintiff will vigorously pursue the claims of the members of the class.

51. Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed class counsel, are well-versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling clams involving consumer actions and violations of the TCPA.

52. Plaintiff's counsel will vigorously pursue this matter. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

53. <u>Predominance</u>: The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

54. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:

- If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.
- The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.
- The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.
- These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also

create and allow the existence of inconsistent and incompatible rights within the class.

- The damages suffered by each individual member of the class may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

- Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

- The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

- There will be little difficulty in the management of this action as a class action.

55. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

56. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct.

57. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

## COUNT I
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)(1)(A)(iii)
### (On behalf of Plaintiff & the TCPA Class)

58. Plaintiff incorporates herein all preceding factual allegations.

59. Defendant and/or their agents placed numerous unsolicited calls using an artificial or prerecorded voice, containing "advertisements" and "telemarketing" within the meaning of the TCPA, to Plaintiff's cellular telephone and the cellular telephones of the other members of the TCPA Class.

60. Defendant placed or caused to be placed these calls without the prior "express

written consent" of Plaintiff and the other members of the TCPA Class.

61. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Class are each entitled to a minimum of $500 in damages for each violation, or $1,500 in damages for each violation to the extent committed knowingly or willfully.

62. Plaintiff and members of the putative TCPA class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by placing unsolicited calls using an artificial or prerecorded voice in the future.

63. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place such advertising and telemarketing calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without prior express written consent;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 per unlawful call to Plaintiff and each class member (or treble damages under 47 U.S.C. § 227(b)(3)(C) per unlawful call to the

extent Defendant's violations are proven to have been committed knowingly or willfully);

g) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on any and all claims and issues so triable.

Date: April 20, 2020                                Respectfully submitted,

**HEDIN HALL LLP**

 */s/ Frank S. Hedin*
Frank S. Hedin
HEDIN HALL LLP
1395 Brickell Ave, Suite 1140
Miami, Florida 33131
Telephone: 305.357.2107
Fax: 305.200.8801

*Counsel for Plaintiff & the Proposed Class*